UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES CHITTENDEN,**       Case No:
          **Plaintiff,**
vs

**HILLSBOROUGH COUNTY**
          **Defendant.**
_____/

## COMPLAINT

COMES NOW Plaintiff James Chittenden, by and through his undersigned counsel, files this Complaint against Hillsborough County and states the following:

1. The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1343 to secure protection of and to redress deprivation of rights secured by: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e t seq. [ hereinafter "Title VII"] providing for injunctive and other relief against discrimination in employment based on race, religion, sex, and national origin; (b) 42 U.S.C.1983 and (c) the common law of the State of Florida providing for damages to persons subjected to the intentional interference with employment.

2. The unlawful employment practices, violations of plaintiffs' civil rights and tortious acts complained of herein were committed within the Middle District of the State of Florida.

3. The pendent jurisdiction of the federal district court is involved with respect to the Plaintiff's claims under the laws of the State of Florida pursuant to 42 U.S.C. 1343, because the entire action before the court comprises one constitutional civil rights case, and the claims arise out of

the same operative facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

4. Plaintiff is a White American Male. He is a citizen of the United States of America, resident of Hillsborough County, Florida and is a former employee of the Defendant. Plaintiff contends that that his Black Female supervisor held him to higher standard and treated him less favorably than his female co-workers.

5. Defendant is a political subdivision in the state of Florida.

6. Defendant is an employer within the definitions contained in 42 U.S.C 2000e(a) and (b), as amended in 1972, employing more than 25 employees, and is engaged in an industry affecting commerce.

## PROCEDURAL REQUIREMENTS

7. On or about June 22, 2018, Plaintiff timely filed a complaint with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging employment discrimination by defendant Hillsborough County.

8. On or about July 17, 2018, Plaintiff timely filed a complaint with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging retaliation by defendant Hillsborough County.

9. On October 24, 2018, Plaintiff received the Right-to-Sue letter from the EEOC. The Right-to-Sue Letter charge number 511-2018-03627 is annexed Exhibit A. The lawsuit against Defendant Hillsborough County was instituted within 90 days and electronically filed in the United States

District Court, Middle District, Tampa Division Clerk of the Court on January 23, 2019 as shown in the Certificate of Service of the Original Complaint dated January 23, 2019.

10. On October 24, 2018, Plaintiff received the Right-to-Sue letter from the EEOC. The Right-to-Sue Letter charge number 511-2018-02801 is annexed Exhibit B. The lawsuit against Defendant Hillsborough County was instituted within 90 days and electronically filed in the United States District Court, Middle District, Tampa Division Clerk of the Court on January 23, 2019 as shown in the Certificate of Service of the Original Complaint dated January 23, 2019.

## STATEMENT OF THE FACTS

11. The Defendant hired the Plaintiff in February 22, 2016 as a Small Business Consultant in the Economic Development Department. Plaintiff held the position of Manager, Consulting Outreach. Plaintiff reported to the Manager of Entrepreneur Services. Plaintiff provided customized small business consulting services in certain areas of the county in the form of one-on-one consulting and workshops. Plaintiff's position developed technical and highly specialized information for customer results and required current knowledge of business operations and market trends  Plaintiff's principal duties include coordination and implementing projects for programs that reach small businesses.

12. The Plaintiff worked for Defendant from February 2016 through June 2018 and was the only White Male in his employment team. There were four Consulting Outreach Managers on the team: two females and two males. The managers on Plaintiff's team were Janette Blanco, Hispanic Female; Dottie Minnick, Caucasian Female; Corey McCaster, Black Male; and Plaintiff James Plaintiff, White Male. Carol Minor, Black Female, was the supervisor of Plaintiff's team.

13. Plaintiff received an unfavorable job assessment of his work performance by Supervisor Carol Minor.  Minor contended that Plaintiff failed to submit timely reports and that he needed to increase his client consulting hours. Plaintiff placed on a 90-day Performance Improvement Plan (PIP) in February 2018 for having a low quarterly metric percentage by Carol Minor because of his race and gender. Minor reduced Plaintiff's consulting hours and Minnick and Moreda had the same consulting hours as Plaintiff in January 2018.

14.  Plaintiff contends that none of the co-workers were placed on PIP and they had low quarterly metric percentages. None of the Plaintiff's co-workers were reprimanded or placed on PIP.

15. Plaintiff gave Notice to the Defendant when he discussed the discrimination with Defendant's Department Head Lindsey Kimball and Defendant's Human Resource Investigator Bobbi Aggers in March 2018. After the meeting with Aggers and Kimball the discrimination and unsubstantiated criticism of Plaintiff's work by Minor intensified.

16. In March 2018, immediately after Plaintiff provided the Defendant with notice of Manager Carol Minor's  discriminatory activity by informing Bobbi Aggers of Human Resources and Lindsey Kimball, Director of Economic Services. Plaintiff requested and investigation and assistance from Human Resources when he did not receive a response from the EEOC. After Notice of the Discrimination was provided to the County, Manager Carol Minor intensified the discrimination and retaliated against him by reducing the reported consulting hours, issuing low performance evaluations,  placing him in the Performance Improvement Plan. Minor enlisted the help of Kimball and Human Resources to increase scrutiny of the plaintiff after he provided Notice of Discrimination.

17. The Performance Improvement Plan and Special Evaluation issued by Minor against Plaintiff on May 9, 2018 were both retaliatory and contained false and misleading information.

18. Minor has had a very difficult time in relationships with men. Plaintiff was in a work relationship with Minor for two years. Minor has a history of treating men and other male employees with disdain. None of the other male employees in Minor's unit had the courage to report Minor for gender discrimination. Minor had unfettered discretion to assign tasks and evaluate and discount Plaintiff's results.

19. Minor began the retaliation against Plaintiff for reporting the discriminatory conduct by levying criticisms and derogatory remarks about Plaintiff's Work Performance. Plaintiff adequately addressed the Work Performance Deficiencies in 2018 before he was terminated.

20. On May 9, 2018 Plaintiff was issued a Final Warning by Supervisor Minor for failing to meet the expectations of PIP.

21. Plaintiff filed a Discrimination charge against the Defendant with the EEOC on June 22, 2019.

22. Defendant terminated Plaintiff on June 22, 2018 without cause and in retaliation for informing Defendant's Human Resource Department that a charge had been filed against the Defendant for Discrimination.

## COUNT ONE
## DISPARATE TREATMENT

23. Plaintiff re-alleges counts 1 through 22.

24. Plaintiff held the same position as females Janette Blanco and Dottie Minnick.

25. Defendant fired Plaintiff on June 22, 2018 because Plaintiff was a White Male. Plaintiff had performed all his job task in all relevant times in an exemplary manner and out-performed the female comparators Janette Blanco and Dottie Minnick.

26. Plaintiff was treated differently than Janette Blanco and Dottie Minnick by the Defendant because Plaintiff was a White Male and had filed an EEOC complaint against the Defendant.

27. Plaintiff, Janette Blanco and Dottie Minnick were similarly situated in that they all were Consulting Outreach Managers, were employed by defendant and performed the same job task related to coordination and implementing projects for programs that reach small businesses.

28. Plaintiff achieved more than 75.60 consulting hours each month. Plaintiff submitted 104.5 consulting hours in March 2018 and 85.5 consulting hours in April 2018. Plaintiff consistently and sufficiently participated in outreach activities. Plaintiff took part in 8 events in February 2018, 7 events in March 2018, and five events in April 2018. Plaintiff was only required to attend one special event per month as required by Minor.

29. Plaintiff appropriately managed the assigned partner relationships with East Tampa. Even though there was a high rate of no shows for the client appointment in East Tampa he provided his best efforts to rectify the alleged deficiency. Plaintiff worked closely with the 5508 Business Incubator which is found in the East Tampa Redevelopment Area.  There, Plaintiff increased consultations and sought business clients in the Net Park Area although he was later told by Minor that consulting was only to be conducted in the East Tampa Redevelopment Area. Further, Plaintiff promptly submitted the required reports and kept his calendar updated with outreach activity and client appointments.

30. Minor refused to coach, counsel, and give Plaintiff time to improve. Defendant's manager coached, counselled, and gave the similarly situated females time to improve.

31. After the discrimination was reported to the County, Minor informed Plaintiff that she would only talk with him about work related concerns in the presence of personnel from Human Resources. Defendant's Manager Minor talked to the similarly situated females about work related concerns outside the presence of Human Resources.

32. Defendant's Manager Minor ignored the improvements made by Plaintiff. Defendant did not ignore the improvements made by similarly situated females. Defendant did not terminate or place the similarly situated females in to PIP for having work related deficiencies.

33. Plaintiff was damaged by Defendant's discriminatory actions in that he was terminated on June 22, 2018.

   WHEREFORE based upon the foregoing facts Plaintiff demands a trial by jury, damages, front wages, back wages and attorney fees and cost.

## COUNT II
## RETALIATION

34. Plaintiff reasserts and realleges paragraphs 1 through 33.

35. The Defendant engaged in various retaliatory actions against Plaintiff as a result of their opposition to Plaintiff reporting discrimination based upon race and sex and as result of Plaintiff's filing of charges of employment discrimination with the EEOC, in violation of 42 U.S.C. 2000e-3(a).

36. Plaintiff is a member of a protective class. Plaintiff was the only White Male employed in Defendant's employment unit when the racial and sex discrimination occurred in 2018.

37. Plaintiff has filed one EEOC Charge of Discrimination in the past to wit: Charge Number 511-2018-02801.

38. Plaintiff reported that he was discriminated because of his sex and subjected to disparate treatment.

39. Defendant retaliated against Plaintiff in 2018 after Plaintiff reported defendant's illegal discrimination by terminating Plaintiff.

40. Plaintiff has been damaged economically and medically damaged by Defendant's retaliatory conduct.

WHEREFORE Plaintiff demand judgment against the defendant for damages and attorney fees and cost. Plaintiff demands a trial by jury.

    Respectfully submitted

    Carl R. Hayes
    Carl R. Hayes, Esquire
    Florida Bar No. 942995
    308 E. Dr. Martin Luther King, Jr. Blvd., Suite E
    Tampa, Florida 33602
    (813)237-2392   Office
    (813)236-5717   Fax
    carlrolandhayes @gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original Complaint was furnished to the Clerk of the Court, U.S. District Court, 801 N. Florida Avenue, Tampa, Florida, and a copy was served on to Hillsborough County, 601 East Kennedy Blvd., Tampa, Florida on this  23rd day of January 2019.

    Carl R. Hayes
    Carl R. Hayes, Esquire

Case 8:19-cv-00181   Document 1   Filed 01/23/19   Page 10 of 10 PageID 10